UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GRISSEL CAMPOS TIBURCIO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN Secretary of Homeland Security, *et al.*,<br><br>Respondents. | ) | No. 4:26-cv-00272-SEB-KMB |

**ORDER DISCUSSING PETITION FOR A WRIT OF HABEAS CORPUS**

Grissel Campos Tiburcio is detained by federal immigration authorities and seeks release through a petition for a writ of habeas corpus. The parties dispute the legal framework governing Ms. Campos Tiburcio's detention. In this order, the Court finds that Ms. Campos Tiburcio is subject to a final removal order and that her removal is not legally stayed. The Court also directs the parties to further develop the record on the dispositive question of whether she is likely to be removed in the reasonably foreseeable future.

**I. Background**

Ms. Campos Tiburcio is a Mexican citizen and native. Dkt. 7-1 at 1. She entered the United States without inspection in 2024, was apprehended by Border Patrol agents, and was placed in removal proceedings. *Id.* at 1, 15.

An immigration judge issued an *in absentia* removal order on November 4, 2025, finding that Ms. Campos Tiburcio failed to appear for a proceeding and directing that she be removed to Mexico. *Id.* at 3–4. Immigration officials arrested Ms. Campos Tiburcio on December 18, 2025, and she has been detained since then. *Id.* at 15. She filed a motion to reopen the removal

proceeding, which an immigration judge denied on February 25, 2026. *Id.* at 9–10. Ms. Campos Tiburcio timely appealed that decision to the Board of Immigration Appeals (BIA). *Id.* at 11–13. The appeal remains pending.

Ms. Campos Tiburcio filed a petition for a writ of habeas corpus in this Court on October 1, while she was detained at the Clark County Jail. Dkt. 1. The following day, the government relocated Ms. Campos Tiburcio to a detention facility in Louisiana. *Id.* at 17.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Respondents ask the Court to deny the petition on grounds that Ms. Campos Tiburcio is lawfully detained under 8 U.S.C. § 1231(a). More specifically, Respondents contend that Ms. Campos Tiburcio is subject to a final removal order and that her detention is lawful because she has not demonstrated that she is unlikely to be removed in the reasonably foreseeable future.

Ms. Campos Tiburcio approaches the case differently. She insists that she is not subject to a final removal order. Relatedly, she argues that her removal is stayed by operation of law while the BIA considers her appeal of the denial of her motion to reopen. Ms. Campos Tiburcio asks the Court to consider only whether her detention violates her Fifth Amendment due process protections.

For the reasons below, the Court finds that Ms. Campos Tiburcio is subject to a final removal order and that her removal is not stayed.

### A. Finality of Removal Order and Applicability of § 1231(a)

Section 1231(a) authorizes the government to detain noncitizens subject to removal orders that are administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). A removal order becomes

administratively final either when the time to appeal the order to the BIA passes without an appeal or, if there is an appeal, when the BIA issues its ruling. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021).

Ms. Campos Tiburcio argues that she is not subject to an administratively final removal order because she has a pending appeal of her motion to reopen the removal case. But Ms. Campos Tiburcio does not dispute that her removal order became administratively final when the deadline to appeal the removal order passed. Moreover, she offers no authority—and the Court knows of none—supporting the proposition that an administratively final removal order *ceases to be administratively final* due to the filing or appeal of a motion to reopen. Section 1231(a) governs Ms. Campos Tiburcio's detention.

**B. Stay of Removal**

Ms. Campos Tiburcio's argument that she is not subject to a final removal order—and therefore not detained under § 1231—is based in part on her assertion that her removal is stayed by operation of law. But there is no stay in place.

Because Ms. Campos Tiburcio was ordered removed *in absentia*, her motion in the immigration court to reopen the removal proceeding stayed her removal "pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). The few courts to have considered the issue have determined that the stay ends when the immigration judge rules on the motion to reopen. *See Bejar v. Ashcroft*, 324 F.3d 127, 132–33 (3d Cir. 2003) ("Bejar's removal was automatically stayed only during the time period that the motion to reopen her removal case was pending. . . . . This period ended on . . . the date on which the IJ denied as untimely her motion to reopen. Neither the INA nor the regulations provides for an

automatic stay of an alien's removal during the 30–day period for an alien to appeal any decision by the IJ denying a motion to reopen.").

Ms. Campos Tiburcio asks the Court to find that her removal remains stayed for the duration of her BIA appeal because her motion to reopen proceeds under 8 C.F.R. § 1003.23(b)(4)(iii), not § (b)(4)(ii). *See* dkt. 15 at 3–5. A motion to reopen an "order entered *in absentia* in *deportation or exclusion* proceedings" stays "the *deportation* of the alien pending decision on the motion and the adjudication of any properly filed administrative appeal." 8 C.F.R. § 1003.23(b)(4)(iii) (emphasis added). But Ms. Campos Tiburcio moved to reopen a *removal* proceeding, which is legally distinct from a *deportation or exclusion* proceeding. *See Coatl-Chiquito v. Blanche*, 174 F.4th 566, 572 (7th Cir. 2026) ("Coatl-Chiquito invokes 8 C.F.R. § 1003.23(b)(4)(iii)(A) . . . , but that regulation does not apply to her because she was not placed in deportation proceedings. Rather, her *in absentia* order arose from her removal proceedings, and her motion to reopen was governed by 8 C.F.R. § 1003.23(b)(4)(ii)."); *Luntungan v. Atty. Gen. of U.S.*, 449 F.3d 551, 556 (3d Cir. 2006) (explaining that § 1003.23(b)(4)(iii) applies "to aliens placed in [deportation or exclusion] proceedings before April 1, 1997," whereas § 1003.23(b)(4)(ii) applies to an alien "who is placed in [removal] proceedings after April 1, 1997."). Indeed, Ms. Campos Tiburcio's motion to reopen cites § (b)(4)(ii)—not § (b)(4)(iii)—as its basis. Dkt. 13-6 at 2. As this Court has previously determined, removal is not automatically stayed for the duration of a BIA appeal of the denial of a motion to reopen removal proceedings. *See Mejia Bautista v. Maples*, No. 4:26-cv-00267-SEB-KMB, dkt. 11 at *5–6 (S.D. Ind. Oct 22, 2026) (reaching same conclusion).

When the immigration judge denied the motion to reopen and Ms. Campos Tiburcio appealed, she was free to *request* a stay of removal from the BIA. 8 C.F.R. § 1003.6(b); *Bejar*, 324

F.3d at 132–33 ("To be sure, an alien in an *in absentia* removal case may seek a stay of her removal pending the disposition of her appeal, and it is within the BIA's discretion to grant such a stay."); *Em v. Whitaker*, No. CV-18-04279-PHX-DWL (JZB), 2018 WL 6663437, at *5 (D. Ariz. Dec. 19, 2018) ("And if Petitioner's motion to reopen is denied, he may appeal the decision and seek a stay of removal with the BIA."). But a second stay was not *automatic*, and the record does not indicate that a stay is in place.

**III. Section 1231(a) and *Zadvydas***

Because Ms. Campos Tiburcio is subject to a final removal order, her detention is governed by § 1231(a). When the removal order becomes administratively final, the noncitizen enters a 90-day removal period, during which detention is mandatory. 8 U.S.C. § 1231(a). If the Attorney General does not remove the noncitizen within the 90-day removal period, the noncitizen "*may* be detained beyond the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added).

At face value, the text of § 1231(a)(6) authorizes the government to detain noncitizens who are subject to removal orders in perpetuity. But a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This is because civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

The *Zadvydas* Court reconciled § 1231(a)(6) with the Fifth Amendment by interpreting § 1231(a)(6) as containing an implicit, constitutional limit on post-removal period detention authority. The statute grants the Attorney General authority to detain aliens for the express purpose of facilitating their removal. 533 U.S. at 697. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if

detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Ms. Campos Tiburcio has been detained pursuant to an administratively final removal order for longer than six months, so her detention is no longer presumptively reasonable. The question before the Court is therefore whether she is significantly likely to be removed in the reasonably foreseeable future.

The parties have not equipped the Court to reach a decision on this dispositive question. Ms. Campos Tiburcio offers no evidence or argument regarding the likelihood of her removal beyond her legally incorrect argument that her removal is stayed. Meanwhile, Respondents offer no evidence from which the Court could conclude that Ms. Campos Tiburcio is likely to be removed in the reasonably foreseeable future. Counsel for the government represents in a response brief that Ms. Campos Tiburcio has been relocated to Louisiana to be "staged for removal" and that "she can be lawfully removed" as soon as this matter concludes. Dkt. 7 at 6–7. But counsel's arguments are not evidence. Even if they were, they offer no insight into *when* Ms. Campos Tiburcio will be removed.

## IV. Order to Supplement

Ms. Campos Tiburcio's motion for extension of time, dkt. [12], is **granted**. The Court has accepted and reviewed her reply brief.

Ms. Campos Tiburcio will have **seven days** from the issuance of this order to file a supplemental brief and supporting evidence addressing the question of whether she is significantly likely to be removed in the reasonably foreseeable future. Respondents will have **seven days** to respond.

**IT IS SO ORDERED.**

Date: 11/10/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov